Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

FEB 0 1 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Az

1 Division

|  |  |
|---|---|
| Mary Elizabeth Fiedorczyk | Case No. **CV-19-00652-PHX-JZB** |
| *Plaintiff(s)* | *(to be filled in by the Clerk's Office)* |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | |
| Wal Mart Stores Inc., Wal Mart Associates, Wal Mart Corporation A-Z | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Mary Elizabeth Fiedorczyk |
| Street Address | 45075 W. Gavilan Drive |
| City and County | Maricopa, Pinal County |
| State and Zip Code | Arizona 85139 |
| Telephone Number | 3307701703 |
| E-mail Address | maryf21060@gmail.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Wal Mart Stores Incorporated |
| Job or Title *(if known)* | |
| Street Address | 708 SW 8th Street |
| City and County | Bentonville, Benton County |
| State and Zip Code | Arkansas 72716 |
| Telephone Number | 1-800-925-6278 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Wal Mart Associates |
| Job or Title *(if known)* | |
| Street Address | 708 SW 8th Street |
| City and County | Bentonville, Benton County |
| State and Zip Code | Arkansas 72716 |
| Telephone Number | 1-800-925-6278 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Wal Mart Subsidiary Corporations A-Z |
| Job or Title *(if known)* | |
| Street Address | 708 SW 8th Street |
| City and County | Bentonville, Benton County |
| State and Zip Code | Arkansas |
| Telephone Number | 1-800-925-6278 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

E-mail Address *(if known)* _____

## C.  Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Wal-Mart Stores #4430 |
| Street Address | 41650 W. Maricopa-Casa Grande Highway |
| City and County | Maricopa, Pinal County |
| State and Zip Code | Arizona 85138 |
| Telephone Number | (520)568-0419 |

## II.  Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:

Family Medical Leave Act,  29 U.S.C. § 2601 et seq

☐ Relevant state law *(specify, if known)*:

_____

☐ Relevant city or county law *(specify, if known)*:

_____

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☒    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

June 2, 2017, June 06, 2017,  June 12,2017

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☒    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☒    age *(year of birth)*    1960    *(only when asserting a claim of age discrimination.)*

☒    disability or perceived disability *(specify disability)*

Invasive Ductal Carcinoma Breast Cancer, cardiac blockage, cardiac stent, low cardiac ejection fracture, Type 2 diabetes, sleep apnea, depression,high blood pressure, high cholestrol

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

E.    The facts of my case are as follows.  Attach additional pages if needed.

See attached

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

11/06/2017

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☒    issued a Notice of Right to Sue letter, which I received on *(date)*    11/06/2018    .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Attached

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        2/1/2019

Signature of Plaintiff

Printed Name of Plaintiff    Mary Elizabeth Fiedorczyk

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## Factual Allegations

1. I am a resident of Maricopa, Arizona.

2. Wal-Mart, Inc. is a foreign corporation operating in the State of Arizona.

3. Wal-Mart Associates, Inc. is a foreign corporation operating in the State of Arizona.

4. Upon information and belief, there may be other Wal-Mart corporations A-Z doing business in Arizona that are necessary parties to this lawsuit.

5. The unlawful employment actions alleged in this Complaint took place in Maricopa, Arizona.

6. On May 31, 1995, Wal-Mart Stores, Inc. ("Walmart") hired me as a Licensed Dispensing Optician.

7. I worked for Walmart for about 22 years as a Licensed Dispensing Optician ("Optician") until Walmart terminated my employment.

8. During my employment with Walmart, I worked at the company's stores in Ohio until I transferred to Arizona in December 2014.

9. I worked for Walmart Store No. 1746 in Tempe, Arizona from December 2014 until June 26th, 2015.

10. On June 27th, 2015, I transferred to the Walmart Store No. 4430 in Maricopa, Arizona because it was closer to my home.

11. At all times relevant to this Complaint, I met the minimum requirements for the position of Licensed Optician at Walmart.

12. Since 1979, I maintained an active license as a Dispensing Optician in the state of Ohio until I moved to Arizona in 2014.

13. Since 2014, I maintained an active license as a Dispensing Optician in the state of Arizona.

14. I am in good standing with the Arizona Board of Dispensing Opticians ("Board") and do not have any history of discipline from the Board.

15. While employed at Walmart, my performance reviews indicated at least satisfactory ratings for the approximate 22 years of employment.

16. In January 2016, I was diagnosed with Invasive Ductile Carcinoma, Stage 2 Breast Cancer.

17. Since that time, I have had to regularly attend medical appointments, tests, surgeries, procedures and other treatments.

18. I applied for and was approved for six weeks of leave under the Family and Medical Leave Act ("FMLA") following lumpectomy surgery on April 15, 2016. Walmart's Leave Administrator approved the leave.

19. Following the six-weeks of FMLA leave, I otherwise worked throughout chemotherapy and radiation treatments, taking intermittent leave for treatment and side effects using approved intermittent leave under the FMLA. Walmart's Leave Administrator approved the leave.

20. Although the Walmart administrator approved the intermittent leave, my supervisor, Jenny Zarogoza, began treating me with hostility because of my continued need for intermittent leave, including micromanaging my work, criticizing my work, and engaging in confrontations at work until I felt that I had a target on my back.

21. On March 1, 2017, I developed heart complications related to the cancer treatment and had to undergo a cardiac catheterization test.

22. The procedure revealed a blockage of my coronary artery.

23. I requested and was approved for a two-week medical leave for surgery for placement of a stent, which Walmart's leave administrator approved.

24. Upon return, I requested that my supervisor, Jenny Zarogoza, work with me to develop a work schedule that would allow me to work the minimum number of hours required by the Arizona State Board of Dispensing Opticians and be able to attend my cardiac rehabilitation appointments. I asked to work the following schedule: Monday-Wednesday-Friday 9:00am until 3:00pm, Tuesday and Saturday 10:00am until 7:00pm, rotating Sunday's 11:00am until 4:00pm

25. Ms. Zarogoza required me to work: Monday-Wednesday-Friday 9:00am until 3:00 pm but required me to take an unnecessary and unpaid 30 minutes meal period. Tuesdays and Saturdays 9:00am until 7:00pm, rotating Sundays 11:00am until 4:00pm This schedule required me to work longer hours than necessary to meet the Board's requirement for the minimum number of hours that a licensed dispensing optician must be on duty.

26. After working Ms. Zarogoza's burdensome schedule, I again explained to Ms. Zarogoza that the schedule of open-to-close shift was very difficult to work while undergoing cardiac rehabilitation and asked if she could accommodate my disability-related needs. She denied my request to adjust the schedule.

27. During the first week of May 2017, I had several appointments and treatments scheduled and requested shorter work hours on those days, as permitted by my FMLA Intermittent leave. Instead of allowing me to leave work, Ms. Zarozoga removed from the schedule on those dates, requiring me to unnecessarily use paid time off.

28. On June 5, 2017, Ms. Zarozoga issued a coaching alleging "poor customer service" for an incident in which an Associate, Marisol Herrera, said to me

Complaint of Employment Discrimination/FMLA Violations                                    3

"Oh God" in response to a pre-adolescent child who was having a loud tantrum to which I responded that she "was a little too old for that."  The parents overheard and complained.  Ms. Zarotoga issued a coaching to me but not to Associate Herrera.

29. On the morning of June 6, 2017, Ms. Zarogoza called me into her office to question an order that was produced by Associate Brittany Wools. She asked if I had approved changing the doctor's prescription ("RX").  I explained that I had been with another patient and was asked by Ms. Wools and another Associate, Marisol Herrera, if it was okay to put a plano (no RX) lens in the patient's frame because he had cataract surgery in one eye only and was uncomfortable with the RX in that eye. I responded correctly that "you do not need an RX for a plano lens." I was then asked "what about transitions?" – and responded that "it is usually best to get two lenses since the colors may be different, but not necessary."

30. Ms. Zarogoza then asked "so you did not tell them to use the doctor's RX in one eye and plano in the other?" I denied having made this statement, emphasizing "that is not okay!"

31. At this point I took the written RX in question and called the prescribing doctor in Washington State. He was not in but returned my call the next day to say he would look into the legalities and let her know if he would be comfortable writing the same unexpired RX for the unaffected eye since the gentleman had surgery in the other. I made notes in the computer system and put the RX with a note in my letter holder in the lab awaiting the doctor's response.

32. On June 12, 2017, I informed Ms. Zarogoza that I would need to leave early the next day to have CAT scans done to determine if my cancer had returned. Ms. Zarogoza simply responded "okay."

33. Later that morning I was unpacking the day's orders and found a pair of glasses with a tray number I could not locate. I looked it up and discovered that it was the job I had been questioned about the previous week, which was canceled in the computer but shipped anyway.

34. I also noticed that a note had been written after I spoke to the doctor to check whether he would approve revising the RX and had added my note about the conversation. The note was written by Ms. Herrera and falsely stated that I had approved plano and transition lenses and the job was ordered.

35. I spoke with Ms. Herrera and asked about the note. Ms. Herrera explained that Ms. Zarogoza had told her to put that note in the file.

36. On June 12, 2017, later in the day, I was called into a meeting with Ms. Zarogoza and an Assistant Manager, Dawn Curry, who acted as a witness. I was informed I was being terminated for "gross misconduct" for approving the change to the patient's RX in violation of the State law and the Company policy. I again disputed that I had not placed the order and emphasized that had such an order come in I would never have approved or dispensed the order. Because the patient did not and would not have ever gotten the glasses there was no violation. Ms. Zarogoza and Ms. Curry ignored my explanations and my suggestion that we call the Board to confirm my compliance with regulations.

37. Walmart stated in its written termination stated that I was fired for "Misconduct with Coachings" and was "rehireable." The written explanation stated: "On 6-5-17 was asked a question in regard to his prescription by Brittany, patient wanted to change prescription for left eye because he had cataract surgery, and Mary okay-ed the change. Patient should have be (sic) to wait for new Rx after cataract surgery and waited for new Rx to make glasses. Mary exhibited gross misconduct by not following the rules and

Complaint of Employment Discrimination/FMLA Violations                                    5

regulations of state and company. Violations: RA-20-118 (sic), VCOG 1505, VCOG 217."

38. On the day Walmart fired me I was covered under approved for FMLA intermittent leave and had not exhausted the available leave.

39. I am an individual with a physical impairment (cancer, heart condition) that substantially limit at least one major life activity, including major bodily functions (e.g. normal cell growth, immune function, circulatory function, and breathing).

40. At all relevant times, I met the minimum qualifications to work as a Licensed Dispensing Optician and was able to perform the essential functions of my job with or without reasonable accommodation.

41. I continued to need a flexible work schedule as a reasonable accommodation to allow me to take intermittent leave under the FMLA for cardiac rehabilitation required because of my cancer treatment.

42. At the time that Walmart fired me, I was 57 years old.

43. The stated reason that Walmart offered is not the real reason that I was fired. Walmart fired me because my supervisor did not want to continue to provide me with a flexible work schedule as a reasonable accommodation for my cardiac rehabilitation, secondary to my cancer treatment; did not want to continue to allow me to take intermittent FMLA leave to which I was entitled; because I engaged in protected activity under the ADA and FMLA and/or my age. My request for a different work schedule to accommodate my disability-related needs during cardiac rehabilitation was protected activity under Title

1 of the ADA. Walmart took adverse action against me for engaging in this protected activity.

44. Walmart knew that I did not review and approve filling the Rx at issue and I did not approve the glasses to give to the patient.

45. Walmart knew that there was no violation of R4-20-118, according to the Board, because I never had the chance to see the Rx when I was asked the question and I did not alter the Rx or sign off on glasses. The glasses were never dispensed to patient.

46. Walmart knew that policy VCOG 217 did not apply to my position because I was not a manager.

47. Walmart knew that policy VCOG 1505 requires that an associate "MUST NOT alter the face of the original prescription in any way" and Walmart knew that I did not alter the face of the original prescription.

48. Walmart knew that the reasons stated in the notice of termination were inaccurate and that the applicable company policies were not violated.

49. Other than the coaching that Ms. Zarogoza had issued to me and not Associate Herrera, I had never received any written coaching from Walmart throughout my work history.

50. Walmart did not follow through on its "open door" policy and did not consider my written statements about the matter.

51. As a result of Walmart's violations of Title I of the ADA, Age in Employment Discrimination Act ("ADEA") and FMLA, I have suffered loss of wages, benefits and privileges of employment and suffered out of pocket expenses related to my cancer and cardiac treatment, as well as emotional distress.

52. **Walmart's actions were undertaken with deliberate indifference to my federally protected rights under ADA, ADEA, and FMLA.**

53. **I filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission on November 6, 2017.**

54. **The EEOC issued a right to sue letter on November 6, 2018.**

55. **I received the right to sue letter on November 8, 2018.**

Mary Elizabeth Fiedorczyk vs. Wal-Mart Stores

I am seeking the following relief under the Family and Medical Leave Act (FMLA):

(a) back pay for the amount of wages, salary, employment benefits, and other compensation lost by reason of the FMLA violation in an amount to be determined at trial; or

(b) pre-judgment interest may also be awarded for the amount determined at trial;

(c) reinstatement or front pay if reinstatement is not ordered;

(d) reasonable attorneys' fees and costs, including a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action;

(e) liquidated damages and pre-judgment interest.

(f) other equitable relief, including training and policy changes to comply with FMLA.

######

Mary Elizabeth Fiedorczyk vs. Wal-Mart Stores

I am seeking the following relief under Title I of the Americans with Disabilities Act (ADA):

(a) reinstatement to the same position—Licensed Dispensing Optician—in the same store location where I worked prior to termination;

(b) back pay for the difference between what I would have been paid at Walmart and what I earn until reinstatement in an amount to be determined at trial;

(c) additional back pay to compensate the increased tax liability of a lump-sum back pay in a single year in an amount to be determined at trial;

(d) pre-interest judgment on the back pay award at the rate permitted under federal law;

(e) if reinstatement to the same position in the same store location is not ordered, front pay reflecting the difference between my projected earnings had I not been unlawfully fired from Walmart and the amount of projected earnings in the Licensed Dispensing Optician position held in an amount to be determined at trial;

(f) the value of fringe benefits, including vacation pay, pension and retirement benefits, stock options and bonus plans, savings plan contributions, employee discount card, profit-sharing benefits, and medical and life insurance;

(g) compensatory damages for all out-of-pocket expenses incurred because of the discrimination that I suffered, including but not limited to higher COBRA premiums and deductibles and travel/mileage to and from work, in an amount to be determined at trial;

(h) non-pecuniary compensatory damages for the non-economic injuries, such as emotional distress, pain and suffering, and harm to reputation caused by the Wal-Mart's conduct in an amount to be determined at trial;

(i) punitive damages in an amount to be determined at trial;

(j) reasonable attorneys' fees and costs (should I retain counsel); and

(i) declaratory relief that Walmart's actions violated the Americans with Disabilities Act and injunctive relief to order Walmart to revise its policies and practices to comply with the ADA.

######

Mary Elizabeth Fiedorczyk vs. Wal-Mart Stores

I am seeking the following relief under the Age Discrimination in Employment Act :

(a) back pay for the amount of wages, salary, employment benefits, and other compensation lost by reason of the FMLA violation in an amount to be determined at trial; or

(b) pre-judgment interest may also be awarded for the amount determined at trial;

(c) reinstatement or front pay if reinstatement is not ordered;

(d) reasonable attorneys' fees and costs, including a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action;

(e) liquidated damages and pre-judgment interest.

(f) other equitable relief, including training and policy changes to comply with FMLA.

######

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:  Mary Fiedorczyk
     45075 W. Gavilan Dr.
     Maricopa, AZ 85139

From:  Phoenix District Office
       3300 North Central Ave
       Suite 690
       Phoenix, AZ 85012

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2017-03437 | Jeremy Yubeta, Enforcement Supervisor | (602) 640-5028 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Elizabeth Cadle,
District Director

NOV 0 6 2018
(Date Mailed)

Enclosures(s)

cc:   WAL-MART STORES, INC.

c/o April Love
LITTLER MENDELSON
2301 Mcgee Street
Kansas City, MO 64108